Halpern May Ybarra Gelberg LLP
550 South Hope Street, Suite 2330
Los Angeles, California 90071
(213) 402-1900 – telephone
(213) 402-1901 – facsimile
www.halpernmay.com

Aaron M. May
(213) 402-1920 – direct dial
Aaron.May@halpernmay.com



January 31, 2025

**By ECF**

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 02/06/2025

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *United States v. Brian Gilder, et al.*, S1 1:23-cr-00134-VSB-2

Dear Judge Broderick:

      We write on behalf of Defendant Brian Gilder ("Mr. Gilder") to respectfully request early termination of Mr. Gilder's supervised release pursuant to 18 U.S.C. § 3583(e). As confirmed by Mr. Gilder's Probation Officer, Mr. Gilder has been in full compliance with the terms of his supervised release and has completed all obligations ordered by the Court. The government has informed counsel that it takes no position on the request for early termination. Given these facts, Mr. Gilder is an excellent candidate for early termination of supervised release.

**Factual Background**

      On October 12, 2023, Mr. Gilder pled guilty to one count of conspiracy to committee wire fraud in violation of 18 U.S.C. § 371, and on January 29, 2024, the Court sentenced Mr. Gilder to time-served and three years of supervised release, the first six months of which were to be served on home detention. (ECF 126.)[1] Mr. Gilder is being supervised by the Probation Office for the Central District of California, his district of residence.

      The terms of Mr. Gilder's supervised release included—in addition to the standard terms—the following obligations: 1) completion of 100 hours of community service, 2) participation in an approved outpatient mental health treatment, 3) taking required medication, 4) certain financial prohibitions, and 5) restitution and forfeiture. (ECF 126.)

      Mr. Gilder paid his restitution and forfeiture amounts in full *before* his sentencing hearing. (ECF 126 at 7.) Undersigned counsel spoke to Mr. Gilder's Probation Officer Samantha Walker

---

[1] Following the Court's oral pronouncement of its sentence during the hearing, Mr. Gilder immediately began complying with its terms. Even though a written judgment was not entered until March 12, 2024, the Court confirmed that Mr. Gilder began serving his sentence on January 29, 2024, the date of his sentencing. (ECF 153.)

*United States v. Gilder*
S1 1:23-cr-00134-VSB-2
January 31, 2025
Page 2

who authorized counsel to report to the Court that Mr. Gilder completed his home detention without any violations and has been in complete compliance with the terms of his supervised release since January 29, 2024.[2] Additionally, the Probation Officer confirmed that Mr. Gilder has completed his community service requirements and has participated in the required mental health treatment using his own provider, whom he had been seeing before sentencing.

**Argument**

Pursuant to 18 U.S.C. § 3583(e), the Court has the discretion to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release" when it is satisfied that the "action is warranted by the conduct of the defendant released and the interest of justice." In making its determination, the Court should consider "the factors in Section 3553(a) which bear on deterrence, public safety, rehabilitation, proportionality, and consistency," *United States v. Warren*, 2024 WL 497690, at *1 (S.D.N.Y. Feb. 8, 2024) (cleaned up), which are defined by Section 3583(e) to include Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[3]

Mr. Gilder satisfies all of the considerations for early termination. He has completed a year of supervised release in full compliance with all terms and has already satisfied his community service, restitution, and forfeiture obligations. He also intends to continue his mental health treatment through his therapist, as he did before his sentencing, as he finds it beneficial. Mr. Gilder's accelerated completion of his obligations shows his commitment to accepting responsibility and the consequences for his actions. Mr. Gilder has maintained a steady residence and family life since his arrest and through his time under supervision, and he is a devoted son, husband, and father. This was Mr. Gilder's first criminal conviction, and he has not committed any crimes since his arrest. Further, the government does not take a position on Mr. Gilder's request for early termination.

In short, Mr. Gilder does not pose a risk of reoffending or a danger to the public, and his experience with the criminal justice system in the present case has only strengthened his respect for the law and his desire to give back to his community. Further, given that Mr. Gilder has completed all of the obligations of his supervised release (restitution, community service, home detention, etc.), there is no need for the Probation Office to continue to supervise Mr. Gilder,

---

[2] The Probation Officer requested counsel report to the Court as opposed to her submitting a declaration. She also explained that pursuant to their policies, she is not permitted to provide a formal position regarding early termination of supervised release. If the Court would like to contact Officer Walker directly, counsel can provide her contact information to the clerk to facilitate that.

[3] These factors are: the nature and circumstances of the offense and the history and characteristics of the defendant (18 U.S.C. § 3553(a)(1)); the need for the sentence to afford adequate deterrence to criminal conduct (*id*. § 3553(a)(2)(B)); the need for the sentence to protect the public from further crimes of the defendant (*id*. § 3553(a)(2)(C)); the need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (*id*. § 3553(a)(2)(D)); the kinds of sentence and the sentencing range (*id*. § 3553(a)(4)); any pertinent policy statement (*id*. § 3553(a)(5)); and the need to provide restitution to any victims (*id*. § 3553(a)(7)).

especially when their scarce resources can be better spent on the supervision of others.

## **Conclusion**

For the above reasons, Mr. Gilder respectfully requests that the Court order his term of supervised release be terminated under 18 U.S.C. § 3583(e). We thank the Court for its consideration of this request and stand ready to provide any additional information that the Court may need.

Respectfully submitted,

*/s/ Aaron M. May*

**Aaron M. May**
HALPERN MAY YBARRA GELBERG LLP